IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES KOOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:12-cv-3011 |
| v. | ) |
| | ) **Jury Trial Demanded** |
| PHILLIPS & COHEN ASSOCIATES, LTD., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

**PARTIES**

4. Plaintiff, James Koos ("Plaintiff"), is a natural person who at all relevant times resided in the State of Ohio, County of Lorain, and City of Lorain.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant, Phillips & Cohen Associates, Ltd. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Upon information and good-faith belief, the alleged obligation arises from an account that Plaintiff initially opened in or about 2003 in the name of his business.

11. However, Plaintiff rarely, if ever, actually used the account to make any purchases for his business.

12. Instead, Plaintiff used the account for personal purposes, such as food, gas, and groceries.

13. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. In connection with the collection of an alleged debt in default, Defendant, by and through its agent and/or employee "B. Stern" placed a call to Plaintiff's residence on October 16, 2012 at 4:48 P.M., and at such time, left the following voicemail message:

> This is B. Stern from Phillips & Cohen uh we spoke in regards to the Bankcard Services account. As of the end of business day on October 19th which is Friday we're going to go ahead with the following recommendation to take the action against you based on your uh refusal to pay. Uh if you are still looking to mediate we need to get something worked out. You can reach me 866-504-5612 extension 1170. Again I would appreciate your courtesy.

15. In its October 16, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

16. In failing to disclose that the communication was from a debt collector, in its October 16, 2012 voicemail message, Defendant failed to provide meaningful disclosure of its identity to Plaintiff.

17. In its October 16, 2012 voicemail message, Defendant threatened to take an action that was not actually intended to be taken, by stating that it will "go ahead with the following recommendation to take the action against [Plaintiff]," when upon information and good-faith belief, Defendant did not intend to take such action.

3

18. In its October 16, 2012 voicemail message, Defendant conveyed a false sense of urgency by stating that it will recommend that action be taken at "the end of business day on October 19th."

19. In connection with the collection of an alleged debt in default, Defendant, by and through its agent and/or employee "B. Stern" placed a call to Plaintiff's residence on October 17, 2012 at 8:53 A.M., and at such time, left the following voicemail message:

> B. Stern from Phillips & Cohen again giving you the final courtesy call in regards to your Bankcard Services account. As of the end of business day tomorr uh I'm sorry Friday October 19th um we're going to be forced to recommend they take the action against you based on your refusal to pay. Again there are some options for you available that could help you at this point. You and I have spoke and uh I wanted to make sure uh we gave you a final opportunity uh 866-504-5612 extension 1170. Again I would appreciate your courtesy in returning my phone call. Unfortunately it will be with some new troops.

20. In its October 17, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

21. In failing to disclose that the communication was from a debt collector, in its October 17, 2012 voicemail message, Defendant failed to provide meaningful disclosure of its identity to Plaintiff.

22. In its October 17, 2012 voicemail message, Defendant threatened to take an action that was not actually intended to be taken, by stating that it will "be forced to recommend they take action against [Plaintiff] based on [Plaintiff's] refusal to pay,"

4

when upon information and good-faith belief, Defendant did not intend to take such action.

23. In its October 16, 2012 voicemail message, Defendant conveyed a false sense of urgency by stating that it will recommend that action be taken at "the end of business day…Friday October 19th."

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

24. Plaintiff repeats and re-alleges each and every factual allegation above.

25. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

28. Plaintiff repeats and re-alleges each and every factual allegation above.

29. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not

6

limited to: threatening to take an action against Plaintiff, when upon information and good-faith belief, Defendant did not intend to take such action; and conveying a false sense of urgency.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby demands a trial by jury.

This 10th day of December, 2012.

        WEISBERG & MEYERS, LLC
        /s/ Ronald S. Weiss
        Ronald S. Weiss
        Ohio Bar No. 0076096
        7035 Orchard Lake Road, Suite 600
        West Bloomfield, MI 48322
        RWeiss@AttorneysForConsumers.com
        (888) 595-9111 ext. 230
        (866) 565-1327 Fax
        *Lead Counsel for Plaintiff*
        *Co-Counsel to Weisberg & Meyers, LLC*

        **Correspondence address**
        Weisberg & Meyers, LLC
        5025 N. Central Ave., #602
        Phoenix, AZ 85012